# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEBORAH J. OSBORNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-14-824-M** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Deborah J. Osborne, appearing through counsel, brings this civil action

under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner

of the Social Security Administration ("SSA").  Chief United States District Judge Vicki

Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. § 636(b).  As discussed below, the undersigned

recommends that this action be dismissed under Federal Rule of Civil Procedure 4(m)

without prejudice to refiling.

### BACKGROUND

On August 5, 2014, Plaintiff Deborah J. Osborne conditionally filed her Complaint

(Doc. No. 1) in this matter.  Upon granting Plaintiff leave to proceed *in forma pauperis*,

the Court directed the Court Clerk to issue process after Plaintiff paid the initial partial

filing fee.  *See* Order, Doc. No. 4; *see also* LCvR 3.3(d)-(e), 3.4(b).  Plaintiff paid that fee

on October 8, 2014,[1] and the Court Clerk issued summonses for Defendant on October 16, 2014. *See* Receipt, Doc. No. 7; Order, Doc. No. 8; Summonses, Doc. No. 9, at 1, 3, 5.[2]

Measured from October 16, 2014, Plaintiff's 120-day period to serve Defendant, Commissioner Carolyn W. Colvin, expired on February 13, 2015. *See* Fed. R. Civ. P. 4(m). Plaintiff did not file returns of service within that time period, or since, showing that the summonses were served on Defendant.

On May 7, 2015, the Court ordered Plaintiff to show good cause in writing as to why this action should not be dismissed due to Plaintiff's failure to serve Defendant. Order, Doc. No. 12, at 2 (citing Fed. R. Civ. P. 4(m)). The deadline for Plaintiff to respond has passed without any further filing by Plaintiff. There is no indication in the record that Defendant is aware of this lawsuit.

ANALYSIS

Generally, a plaintiff is required to serve each defendant within 120 days of the complaint's filing, and the plaintiff must prove such service to the court, unless service is waived. Fed. R. Civ. P. 4(c)(1), (d), (l), (m). Suspending the commencement date until

---

[1] Plaintiff has since paid the $350.00 filing fee in full. *See* Doc. No. 11.

[2] In social security disability appeals, service on the Commissioner of the Social Security Administration—the Defendant here—is accomplished by serving the Office of the United States Attorney in the district where the action is brought, the United States Attorney General, and the SSA's Office of General Counsel. *See* Fed. R. Civ. P. 4(i)(1)-(2). Thus, the Court Clerk issued summonses for each of those three offices. *See* Summonses at 1-6.

October 16, 2014, the date of issuance of the summonses, Plaintiff's deadline for service upon Defendant was February 13, 2015.

To date, however, Plaintiff has filed no completed proof of service. *See* Fed. R. Civ. P. 4(i)(1)-(2), 4(l)(1). Further, there is no indication in the Court's record that Defendant is actually aware of this lawsuit. Thus, the Court must conclude that Defendant has not been served as required by the Federal Rules of Civil Procedure.

Nor has Plaintiff shown good cause for the lack of service. Plaintiff was expressly directed, by Order of May 7, 2015, to show good cause in writing as to why this action should not be dismissed due to Plaintiff's failure to serve Defendant. Order, Doc. No. 12, at 2. Plaintiff did not respond.

Absent a showing of good cause by the plaintiff for the failure to serve a defendant, the court may dismiss the action as to that defendant without prejudice. *See* Fed. R. Civ. P. 4(m).

> If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Plaintiff has not shown show good cause for her failure to serve Defendant and, thus, is not entitled to a mandatory extension of the service deadline under Rule 4(m). *See id.*

A permissive extension may be warranted in certain cases due to the complexities of effecting multiple service under Federal Rule of Civil Procedure 4(i). *Id.* at 842.

Here, even if a permissive extension had been sought, the circumstances of this case do not suggest any complexity that hindered Plaintiff's ability to serve Defendant.

A permissive extension may also be warranted "if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m) advisory committee's note (1993); *see also Espinoza*, 52 F.3d at 842. It is possible that the statute of limitations applicable to Plaintiff's action would bar any complaint filed after a dismissal of the present action without prejudice. Because Plaintiff is seeking judicial review of a final decision of the Commissioner of the SSA, she is required to commence a civil action in the appropriate federal district court "within sixty days after the mailing to [Plaintiff] of notice of such decision or within such further time as the Commissioner of Social Security may allow." *See* 42 U.S.C. § 405(g). The 60-day period is not jurisdictional but, rather, may be extended by the Commissioner, waived, or delayed through equitable tolling. *See id.*; 20 C.F.R. §§ 404.911, 416.1411 (setting forth factors for SSA's consideration as to good cause for missing deadline to request judicial review); *Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986). Here, because Plaintiff has demonstrated no effort to serve Defendant and has offered no explanation for her failure to serve Defendant, despite being ordered to do so, a permissive extension is likely to only further delay the prompt disposition of this matter. Accordingly, the undersigned recommends that no sua sponte permissive extension be granted and that the matter instead be dismissed. *See* Fed. R. Civ. P. 4(m); *Espinoza*, 52 F.3d at 841-42.

In making this recommendation, the undersigned has considered that—as discussed above—dismissal of the instant Complaint without prejudice could be

4

equivalent to a dismissal *with* prejudice due to the statute of limitations. In such circumstances, courts consider whether dismissal "'would satisfy the interests of justice'" by evaluating:

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

*Davis v. Miller*, 571 F.3d 1058, 1060-64 & n.2 (10th Cir. 2009) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918, 921 (10th Cir. 1992)); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.4 (10th Cir. 2007).

Insofar as the first two factors, because Defendant has not been served and few resources have been expended to date by the parties or the Court, dismissal would not prejudice Defendant or cause any significant interference with the judicial process. As to the third factor—the culpability of the litigant—the only argument against finding such culpability is that Plaintiff herself may not have been informed by her counsel of the lack of service or the opportunity to show cause. But litigants who retain counsel act through that counsel and, generally, are held responsible for the attorney's actions and omissions. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *Gripe v. City of Enid*, 312 F.3d 1184, 1188-89 (10th Cir. 2002).

As to the fourth factor, after Plaintiff's initial failure to serve Defendant, the Court expressly warned Plaintiff of the possibility of dismissal. In the Court's May 7, 2015 Order, Plaintiff was advised that, absent a showing of good cause for the failure to serve

Defendant, this action was subject to dismissal. *See* Order, Doc. No. 12, at 2. As to the fifth factor—the efficacy of lesser sanctions—the undersigned finds that no sanction less than dismissal is practical in these circumstances. Plaintiff's failure to serve Defendant and failure to respond to the Court's Order have substantially impeded the Court's ability to proceed in this matter because the Court cannot ascertain whether Plaintiff intends to further pursue her cause of action. Moreover, without proper service or a waiver of that service, the Court lacks personal jurisdiction over Defendant in this matter, thereby rendering impossible any progression toward a merits-based disposition. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).

Ultimately, for sua sponte dismissal with prejudice to be appropriate after a litigant's noncompliance with procedural rules, "the aggravating factors" must "outweigh the judicial system's strong predisposition to resolve cases on their merits." *See Ehrenhaus*, 965 F.2d at 921 (internal quotation marks omitted) (noting that the "factors do not constitute a rigid test" but instead "represent criteria" for district court's consideration). For the reasons set forth above, even if dismissal of this matter is equivalent to a dismissal with prejudice, the dismissal would satisfy the interests of justice. *See id.* at 918.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be dismissed under Federal Rule of Civil Procedure 4(m) without prejudice to refiling.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by June 12, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 29th day of May, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE